UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Gregory D. Owens | ) | Case No. 09-11317 |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| Gregory D. Owens | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | A.P. No. 09-01053 |
| | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| | ) | |
| Defendant | ) | |

_____

# RESPONSE IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO VACATE DEFAULT JUDGMENT

COMES NOW the Defendant, Unifund CCR Partners ("Unifund" or "Defendant"), by and through counsel, William E. Smith, III and Valerie K. Brooker of the law firm of Kightlinger & Gray, LLP, and hereby respectfully submits its response in opposition to the Plaintiff Gregory D. Owens' ("Owens" or "Plaintiff") Motion for Default Judgment (the "Motion"). In the alternative, if this Court has already entered default judgment against Unifund, Unifund hereby moves this Honorable Court to vacate the default judgment. As grounds, Defendant states as follows:

**I.  Response in Opposition to Motion for Default Judgment.**

In his Motion, the Plaintiff asserts that Unifund was served with the summons, complaint, and scheduling order by first class mail on November 23, 2009. However, Unifund has no record of receiving said summons, complaint, and scheduling order. As a result, Unifund had no

knowledge of the pendency of this instant Adversary Proceeding until it received the Plaintiff's Motion. Unifund therefore submits that the Plaintiff's Motion is inappropriate at this time and must be denied.

Additionally, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff states that he filed for bankruptcy on August 9, 2009. *See* Complaint ¶6. Plaintiff's Complaint also states that Unifund filed a non-wage garnishment on March 23, 2009. a date which is within 180 days before the Plaintiff filed for bankruptcy. *See Id.,* ¶7. However, the relevant time period under the facts of this case is 90 days, not 180 days. 11 U.S.C. §547(b) states, in its entirety:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) **on or within 90 days before the date of the filing of the petition**; **or**
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

[Emphasis added]. Although Unifund's garnishment occurred within 180 days of the filing of Plaintiff's petition for bankruptcy, as Plaintiff contends (*see* Compl. ¶7), it did not occur within the 90 days required by 11 U.S.C. §547(4)(A). Therefore, the Plaintiff's Complaint fails to state a claim upon which relief may be granted and his Motion for Default Judgment may be denied.

**II.  In the Alternative, if the Court has entered a Default Judgment against Defendant, Defendant moves the Court to Vacate said Judgment.**

In the alternative, if default has already been rendered against the Defendant and in favor of the Plaintiff, Defendant now moves this Honorable Court to vacate such default. This motion comes pursuant to 11 U.S.C. §1018, 11 U.S.C. §7055, Fed. R. Civ. P. 55(c), Fed. R. Civ. P. 60(b)(1), 60(b)(4), and/or 60(b)(6). As grounds, Defendant reiterates the arguments contained *supra* and contends that it has established good grounds and a meritorious defense sufficient to vacate Plaintiff's default judgment, should default have been rendered against Unifund. Further, this motion comes within reasonable time, as the Plaintiff's Motion for Default Judgment was filed with this Honorable Court on or about December 23, 2009.

### III. Conclusion

WHEREFORE, for all of the foregoing reasons, Defendant, Unifund CCR Partners, respectfully requests this Honorable Court DENY the Plaintiff's Motion for Default Judgment. In the alternative, should default have already been rendered against the Defendant, Unifund CCR Partners respectfully requests this Honorable Court VACATE the Default Judgment rendered in favor of the Plaintiff and against the Defendant.

    Respectfully submitted,

    KIGHTLINGER & GRAY, LLP

    BY: /s/ William E. Smith, III
         William E. Smith, III
         Valerie K. Brooker
         Attorneys for Unifund CCR Partners

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of January, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system or a copy of the foregoing pleading was served by First-Class Mail, postage prepaid, on said date, to the following parties if they do not have access to ECF. Parties may access this filing through the Court's system:

      Joe Stewart Wheeler
      P.O. Box 626
      RUSSELLVILLE, KY 42276

      /s/ William E. Smith, III
      William E. Smith, III

KIGHTLINGER & GRAY, LLP
BY:    William E. Smith, III
       Valerie K. Brooker
Bonterra Building, Suite 200
3620 Blackiston Blvd.
New Albany, IN 47150
PHONE: (812) 949-2300
FAX: (812) 949-8556
wsmith@k-glaw.com
vbrooker@k-glaw.com