UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Gregory D. Owens | ) | Case No. 09-11317 |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| Gregory D. Owens | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | A.P. No. 09-01053 |
| | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| | ) | |
| Defendant | ) | |

_____

## MOTION FOR RELIEF FROM JUDGMENT

COMES NOW the Defendant, Unifund CCR Partners ("Unifund"), by and through counsel, William E. Smith, III and Valerie K. Brooker of the law firm of Kightlinger & Gray, LLP, and, hereby respectfully submits its Motion for Relief from the Default Judgment. As grounds, Defendant states as follows:

1. On November 16, 2009, Plaintiff Gregory D. Owens filed an adversary Complaint to Recover Preferential Transfer against Unifund. Docket #1.

2. Summons was issued to Unifund on November 17, 2009. Docket #2.

3. On November 29, 2009, notice that Service had been executed on Unifund was entered. Docket #4.

4. On December 23, 2009, Plaintiff filed a Motion for Default Judgment against Defendant. Docket #5.

5. On December 28, 2009, Default Judgment was entered against Unifund. Docket #6.

6. Federal Rule of Civil Procedure 55(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, states that the "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

7. Federal Rule of Civil Procedure Rule 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024, provides for relief from judgment under certain circumstances, including, but not limited to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (4) the judgment is void;
>
> . . . or
>
> (6) any other reason that justifies relief.

FRCP 60(b). A motion under Rule 60(b) must be made within a reasonable time after the judgment is entered, and for a motion made under subsection (1), noted above, the motion must be made within a year of the entry of judgment. FRCP 60(c).

8. In considering a motion for relief from judgment under FRCP 60(b)(1), the court will consider the following factors:

> a. Whether culpable conduct of the defendant led to the default,
>
> b. Whether the defendant has a meritorious defense, and
>
> c. Whether the plaintiff will be prejudiced.

Conley v. Key Bank USA, National Association (In re Conley), 318 B.R. 812, 815 (Bankr. E.D.Ky. 2004) (citations omitted); see also In re A.A. & Associates, Inc., 2009 WL 2447608, *2 (Bankr.W.D.Ky.)

9. The first factor that must be considered is whether the default resulted from the culpable conduct of the defendant. Smith Mining and Materials, LLC v. Donnie Flint (In re Smith Mining and Materials, LLC), 2009 WL 2913927, *2 (Bankr.W.D.Ky.). "A party's conduct is culpable if it shows an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings." Id. citing Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003).

10. In Conley v. Key Bank USA, National Association, the Bankruptcy Court for the Eastern District of Kentucky addressed the question of culpability. There, the defendant, Key Bank, failed to respond to an adversary complaint filed against it. Conley v. Key Bank USA, National Association (In re Conley), 318 B.R. 812, 815-16 (Bankr. E.D.Ky. 2004). Key Bank had knowledge that the Complaint had been filed, and in fact hired lawyers in two different states to represent its interests. Id. Due to "'some apparent confusion'" between the two law firms, no Answer or Motion to Dismiss was filed. Id. The court held that while it was a close question, there was no culpable conduct on Key Bank's part. Id. at 816. Its decision was based in part on the fact that the delay in Key Bank's motion for relief from judgment was not lengthy (two months from the time its Answer was due) and that there was no "significant impact on the judicial proceedings." Id.[1]

11. In the case at bar, Unifund's failure to file an Answer or otherwise respond to Plaintiff's Complaint is not "culpable conduct." Unifund had no "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings." Smith Mining and Materials, LLC v. Donnie Flint (In re Smith Mining and Materials, LLC), 2009 WL 2913927, *2 (Bankr.W.D.Ky.) citing Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003).

---

[1] Key Bank's Motion for Relief was ultimately denied on the basis that it had no meritorious defenses. Id. at 817.

12. Unifund has no record of receiving the Complaint or Summons filed by the Plaintiff. Affidavit of Nathan Duvelius, ¶ 4. (Attached hereto as Exhibit A).

13. The first document associated with this case that was received by Unifund was the Plaintiff's Motion for Default Judgment, which was filed on December 23, 2009, in the midst of the holiday season. Aff. of Duvelius, ¶ 5. That document was received by Unifund on January 4, 2010. Aff. of Duvelius, ¶ 6.

14. Unifund filed an Answer to Plaintiff's Complaint and a Response in Opposition to Motion for Default Judgment, or in the Alternative, Motion to Vacate Default Judgment on January 5, 2010. Docket #8 and #9. Since that time, Unifund discovered that Default Judgment was entered by the Court and now files this Motion for Relief from Judgment pursuant to FRCP 55(c) and FRCP 60(b).

15. Plaintiff's Motion for Default alleges that a summons, complaint, and scheduling order were served on Unifund on November 23, 2009. If that is correct, Unifund's answer or other response would have been due on December 23, 2009.[2] Unifund's Answer was filed on January 5, 2010, a mere thirteen days after it was due, even counting the Christmas and New Year's holidays that intervened. Unifund's Answer was filed the day after Unifund discovered the case had been filed.

16. The next factor the Court must consider is whether Unifund has a meritorious defense to Plaintiff's claim. <u>Conley v. Key Bank USA, National Association (In re Conley)</u>, 318 B.R. 812, 815 (Bankr. E.D.Ky. 2004) (citations omitted); see also <u>In re A.A. & Associates, Inc.</u>, 2009 WL 2447608, *2 (Bankr.W.D.Ky.).

17. In his Complaint, Plaintiff claims that Defendant "caused a non wage garnishment to be served upon the Debtor's bank accounts held at First Southern National Bank." Plaintiff's

---
[2] Unifund reserves the right to deny that service of Plaintiff's Complaint and summons was proper.

Complaint, ¶ 7, Docket #16. Plaintiff further claims that Unifund received $2,045.89 as a result of the garnishment "while the debtor was insolvent." Id. Plaintiff claims that the garnishment was filed within 180 days of the date he filed his bankruptcy, which was August 9, 2009. Id. at ¶¶ 6, 7. Finally, Plaintiff claims that the garnishment was in violation of KRS 378.060 and that the amount in question is recoverable by the Plaintiff. Id. at ¶ 11.[3]

18. First, Plaintiff implies by his Complaint that the relevant time period by which to measure whether the garnishment may be avoided is 180 days. However, under 11 U.S.C. §547(b) states, in its entirety, as follows:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) **on or within 90 days before the date of the filing of the petition**; **or**
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

[Emphasis added]. Unifund's garnishment, which according to the Plaintiff was filed on March 23, 2009, occurred more than 90 days before the Plaintiff filed his bankruptcy petition on August 9, 2009. Therefore, the garnishment may not be avoided.

19. Additionally, Plaintiff claims that the garnishment was in violation of KRS 378.060 and that the amount can therefore be recovered by the Plaintiff. Plaintiff's Complaint, ¶ 11. KRS 378.060 provides as follows, in part:

---

[3] Unifund's Answer contains appropriate denials and admissions and Unifund does not waive any denial made in its Answer to the allegations listed in this Motion.

> Any sale, mortgage or assignment made by a debtor and any judgment suffered by a defendant, or any act or device done or resorted to by a debtor, in contemplation of insolvency and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property of the debtor, and shall insure to the benefit of all his creditors . . . .

KRS 378.060. By its language, this statute applies when a debtor intends to make some payment or confers some other benefit on one of his creditors at the expense of the others. See also Johnson v. Medical Center at Bowling Green (In re Johnson), 270 B.R.390, 392 (Bankr.W.D.Ky. 2001) (holding that although the garnishment/transfer at issue was made during a time when the debtor was insolvent, the garnishment was the result of a judgment and was not a voluntary garnishment and thus there could be a "design to prefer one creditor over another."). Therefore, KRS 378.060 does not apply to this case and Plaintiff has failed to state a claim upon which relief may be granted.

20. Finally, KRS 378.070 requires that a case seeking to recall a "preferential transfer" under KRS 378.060 be filed within 90 days of the transfer. KRS 378.070(1). KRS 378.070 set a 180 day deadline until 2006 when it was revised and the 90-day limit was substituted. Thus, by Plaintiff's own admission, the garnishment was served on Plaintiff's bank accounts on March 23, 2009, which date is more than 90 days before Plaintiff filed his bankruptcy petition on August 9, 2009 and certainly more than 90 days before Plaintiff filed this adversary action on November 16, 2009.

21. For the reasons stated above, Defendant has a meritorious defense to Plaintiff's adversary action and therefore satisfies the second prong of the Court's three-prong consideration.

22. The final prong the court must consider with regard to whether to grant relief from the Default Judgment is whether the plaintiff will be prejudiced. Conley v. Key Bank

USA, National Association (In re Conley), 318 B.R. 812, 815 (Bankr. E.D.Ky. 2004) (citations omitted); see also In re A.A. & Associates, Inc., 2009 WL 2447608, *2 (Bankr.W.D.Ky.). In order to show prejudice, the Plaintiff must show "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. at 816.

23. Considering the very short delay between the time Unifund's Answer was due and the time it was filed, there can be no prejudice to the Plaintiff. The delay cannot have caused any loss of evidence, nor will there be any impact on discovery.

24. Under all three prongs, Unifund is entitled to relief from the Default Judgment. Unifund therefore respectfully requests that this Court grant its Motion for Relief from Default Judgment and enter an Order to that same effect.

25. Additionally, the Judgment currently entered against Unifund may be void for lack of proper service, providing a basis under FRCP 60(b)(4) for relief from Judgment. The Court may also find that relief is appropriate under FRCP 60(b)(6).

WHEREFORE, Defendant Unifund CCR Partners respectfully requests this Court grant its Motion for Relief from Judgment pursuant to FRCP 55(c) and 60(b) and for all other relief to which it is entitled.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

BY: /s/ William E. Smith, III
     William E. Smith, III
     Valerie K. Brooker
     Attorneys for Unifund CCR Partners

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system or a copy of the foregoing pleading was served by First-Class Mail, postage prepaid, on said date, to the following parties if they do not have access to ECF. Parties may access this filing through the Court's system:

       Joe Stewart Wheeler
       P.O. Box 626
       RUSSELLVILLE, KY 42276

       /s/ William E. Smith, III
       William E. Smith, III

KIGHTLINGER & GRAY, LLP
BY:   William E. Smith, III
       Valerie K. Brooker
Bonterra Building, Suite 200
3620 Blackiston Blvd.
New Albany, IN 47150
PHONE: (812) 949-2300
FAX: (812) 949-8556
wsmith@k-glaw.com
vbrooker@k-glaw.com